OPINION
{¶ 1} The defendant-appellant, Robbie A. Steel, ("Steel"), appeals the August 11, 2005 Judgment of conviction and sentence entered in the Court of Common Pleas, of Defiance County, Ohio.
 {¶ 2} On or about June 10, 2004, Steel set fire to the Peking House restaurant without the permission of the owner and also set fire to a vehicle owned by Danielle Kolb. On October 7, 2004, Steel was indicted by the Defiance County Grand Jury on two counts of Arson, in violation of R.C. 2909.03(A)(1), felonies of the fourth degree.
 {¶ 3} On January 20, 2005, the trial court filed its judgment entry accepting Steele's pleas of not guilty and set the matter for trial. On July 18-19, 2005, a jury trial was held. The jury trial found Steel guilty of Arson as charged in both counts. On July 25, 2005, the trial court filed its judgment entry regarding the jury trial establishing the proceedings of trial and the jury verdict on the two counts.
 {¶ 4} On August 11, 2005, the trial court filed its judgment entry regarding the sentencing hearing held on August 8, 2005. Steel was sentenced to a prison term of seventeen months of imprisonment regarding the first count of Arson and twelve months of imprisonment regarding the second count of Arson. The terms of imprisonment were to be served consecutively for a total term of twenty-nine months. Furthermore, the trial court ordered that the twenty-nine months be served consecutively to the terms of imprisonment imposed in State v. Robbie A. Steel, Defiance County Common Pleas Court, Case Nos. 04 CR 08936 and 04 CR 08978, for a total aggregate term of fifty-nine months of imprisonment.
 {¶ 5} On September 7, 2005, Steel appealed the August 11, 2005 Judgment of conviction and sentence, filed a motion for appointment of counsel and filed an affidavit of indigency. On September 22, 2005, counsel was appointed for filing a Notice of Appeal and proceedings thereafter in this case. On November 3, 2005, Steel's counsel filed a merit brief purportedly pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493. This Court struck the merit brief and found the case not to be frivolous pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, thus requiring Steel to file a proper merit brief.
 {¶ 6} On May 1, 2006, Steele filed his appellate brief raising the following assignments of error:
 Assignment of Error 1 THE SENTENCE IN THE CASE OF ROBBIE STEEL IS VOID AS THECONSECUTIVE SENTENCES IMPOSED EXCEED THE "MAXIMUM AUTHORIZED"SENTENCE UNDER 2929.41(A) AND THE PRINCIPLE IN BLAKELY v.WASHINGTON IN VIOLATION OF THE SIXTH AMENDMENT TO THECONSTITUTION OF THE UNITED STATES, OR ARTICLE I, SECTION 5 AND 10OF THE OHIO CONSTITUTION, THE CRIMINAL DEFENDANT' (sic) RIGHT TOA TRIAL BY JURY, AS THE SENTENCING SCHEME REQUIRED JUDICIALFACT-FINDING BEFORE CONSECUTIVE SENTENCES COULD BE IMPOSED, WHICHFACTS, IF THEY MUST BE FOUND ON THE RECORD MUST BE FOUND BY AJURY BEYOND A REASONBLE DOUBT.
 Assignment of Error 2 IF APPELLATE REVIEW OF THE SENTENCE IS PERMITTED AT ALL UNDER2953.08(D), THE SENTENCE IMPOSED ON MR. STEELE IS NOW PERMITTEDBY THE SEVERANCE REMEDY IMPOSED ON OHIO SENTENCING LAW BY STATEv. FOSTER; HOWEVER, SINCE MR. STEEL IS ENTITLED TO A DE NOVOHEARING ON THE SENTENCING UNDER O.R.C. 2929.19, THE POLICY OFTHE APPELLATE COURT IS TO REMAND TO THE TRIAL COURT FORRE-SENTENCING IN ACCORDANCE WITH THE RULE IN FOSTER.
 {¶ 7} Steel's assignments of error shall be addressed together because both assignments of error pose issues concerning his felony sentencing. He alleges in his first assignment of error that his sentence is void because the consecutive sentences imposed exceeded the maximum authorized sentence. Steel claims in his second assignment of error that the sentence imposed on him was unconstitutional pursuant to State v. Foster. More precisely, Steel is asserting that the trial court improperly and impermissibly imposed consecutive sentences on him.
 {¶ 8} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(E)(4) requiring judicial findings for consecutive terms. Foster, 2006-Ohio-856, at ¶ 97, 103. Pursuant to the ruling in Foster, Steel's assignments of error are sustained. Therefore, Steel's sentence is vacated and the case is remanded for further proceedings.
Judgment vacated and cause remanded.
 Bryant, P.J., and Rogers, J., concur.